IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

OWNERS INSURANCE COMPANY,   )
           )
    Plaintiff,        )
           )     CIVIL ACTION
v.           )
           )     FILE NO. _____
FERGUSON CONSTRUCTION   )
COMPANY, INC; MARSHALL DAY;   )
NATOSHA MEIER, Individually and as   )
Next of Kin to TIMOTHY ELDON   )
GOODWIN, and as Executrix of The   )
Estate of Timothy Eldon Goodwin;   )
NBEB INVESTMENTS, LLC; AB   )
CONTRUCTION & DEVELOPMENT,   )
LLC, and ALUM-A-LIFT, INC.,   )
           )
    Defendants.      )

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Owners Insurance Company ("Owners"), Plaintiff in the

above-styled action, and files this Complaint for Declaratory Judgment, showing

this honorable Court as follows:

1.

This is an action for declaratory judgment, brought pursuant to Rule 57 of

the Federal Rules of Civil Procedure and 28 USC § 2201, to declare the rights and

other legal relations surrounding questions of actual controversy that presently

exist among Plaintiff Owners; Defendant Ferguson Construction Company, Inc. ("Ferguson"); Defendant Marshall Day ("Day"); Defendant Natosha Meier, individually and as next of kin to Timothy Eldon Goodwin, and as executrix of the Estate of Timothy Eldon Goodwin ("Meier");  Defendant NBEB Investments, LLC ("NBEB"); Defendant AB Construction & Development, LLC ("AB"); and Defendant Alum-A-Lift, Inc. ("Alum-A-Lift").

2.

Owners is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business in Michigan.

3.

Upon information and belief, Defendant Ferguson is a Georgia corporation with its principal place of business in Rockmart, Polk County, Georgia, which is authorized to conduct business in the state of Georgia. It may be served through its registered agent Jerry Wayne Ferguson, who is located at 205 Samanda Circle, Rockmart, Georgia 30153.

4.

Upon information and belief, Defendant NBEB is a Georgia corporation with its principal place of business in Georgia, which is authorized to conduct business in the state of Georgia. It may be served through its registered agent Neils

Bresner, at 13941 Veterans Memorial Highway, Winston, Douglas County, Georgia, 30187.

5.

Upon information and belief, Defendant Alum-A-Lift is a Georgia corporation with its principal place of business in Georgia, which is authorized to conduct business in the state of Georgia. It may be served through its registered agent Janice Tucker Stinson, at 13941 Veterans Memorial Highway, Winston, Douglas County, Georgia, 30187.

6.

Upon information and belief, Defendant AB is a Georgia corporation with its principal place of business in Georgia, which is authorized to conduct business in the state of Georgia. It may be served through its registered agent Alan Anthony Bell, at 128 Lovvorn Road, Carrollton, Carroll County, Georgia, 30117.

7.

Upon information and belief, Defendant Day is a citizen and resident of the state of Georgia.  He may be served at his residence at 438 Trace Road, Dallas, Paulding County, Georgia 30157.

8.

Upon information and belief, Defendant Meier is a citizen and resident of the state of Georgia.  She may be served at her residence at  39 Legend Creek Way, Douglasville, Paulding County, Georgia 30134.

9.

Venue in this action is proper pursuant to 28 USC § 1391.

10.

This Court has original jurisdiction over this action under the provisions of 28 USC §  1332, because it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is among citizens of different states.

**Background Facts**

11.

On November 12, 2020, Defendant Meier, individually and as next of kin to Timothy Eldon Goodwin, and as executrix of the Estate of Goodwin, filed suit against named insured Ferguson Construction Company, Inc. and Marshall Day, as well as the other Defendants.  A true and correct copy of Defendant Meier's complaint is attached hereto as Exhibit "A".

12.

On or about February 25, 2021, Defendant Meier filed an Amended Complaint, which added Defendant Alum-A-Lift as a Defendant. A true and correct copy of Defendant Meier's Amended Complaint is attached hereto as Exhibit "B".

13.

Defendant Meier asserts that Defendant Ferguson was hired as a subcontractor to perform work on the project at issue. Exhibit A, Complaint, ¶ 13; Exhibit "B", Amended Complaint, ¶ 14.

14.

Defendant Meier alleges that on January 21, 2019, Defendant Day, in his capacity as an employee or agent for Defendant Ferguson, operated an excavator to unload concrete headwalls and piping on the project. Exhibit A, ¶ 15; Exhibit B, ¶ 16.

15.

Specifically, Defendant Meier further alleges:

As Goodwin and Defendant Day prepared to unload a headwall, Defendant Day leaned out of the cab of the excavator, causing his jacket catch [sic] the joystick, which engaged the excavator into unguided motion. As the headwall lifted, the slack in the unmaintained chains caused several of the unmaintained hook latches to separate from the headwall and the headwall to become dislodged. The headwall swung toward Goodwin striking him in the face and

knocking him to the ground.  While still moving in an unguided
motion, the headwall landed atop Goodwin as it contacted the ground.

Exhibit A, ¶¶ 17-20; Exhibit B, ¶¶ 18-21.

16.

Defendant Meier asserts a claim for negligence against all Defendants

(Count One).

17.

In Count Three, Defendant Meier asserts a claim for negligence against

Defendant Ferguson.  Defendant Meier contends that Defendant Ferguson had a

duty to provide safety and health training to those working on the project, and

failed to do so.  Exhibit A, ¶¶ 43-44; Exhibit B, ¶¶ 44-45.

18.

Defendant Meier also claims that Defendant Ferguson "breached its duty to

Goodwin, and was negligent, by refusing to ensure that all equipment was properly

maintained in a serviceable condition."  Exhibit A, ¶ 45; Exhibit B, ¶ 46.

19.

Count Four asserts a claim for negligence per se against Defendant

Ferguson. Defendant Meier contends that Defendant Ferguson allegedly is liable

for violations of law, such as violations of 29 CFR 1926.251 and ASME B3O.10-

2014.  Exhibit A, ¶¶ 22, 52; Exhibit B, ¶¶ 23, 52-53.

20.

At Count Five, Plaintiff asserts a negligence claim against Defendant Marshall Day.  Plaintiff alleges that Defendant Day negligently operated the excavator, and proximately caused Goodwin's injuries and death.

21.

In addition, at Count Six, Plaintiff asserts a Respondeat Superior claim against Defendant Ferguson.  This claim is based on the allegation that "Defendant Day was an employee of Defendant Ferguson and was acting in the course and scope of his employment".  Exhibit A, Complaint, ¶ 64; Exhibit B, ¶ 65.

22.

Defendant Ferguson's president, Jerry Wayne Ferguson, was at the job site when the January 21, 2019 incident occurred.

23.

OSHA inspectors arrived at the scene of the January 21, 2019 incident to conduct an immediate inspection.

24.

Defendant Ferguson's president, Jerry Wayne Ferguson, was aware of the OSHA investigation and was interviewed as a part of the investigation into the January 21, 2019 incident.

25.

Defendant Day was aware of the OSHA investigation and was interviewed as a part of the investigation into the January 21, 2019 incident.

26.

The Georgia Bureau of Investigation ("GBI") performed an autopsy on Goodwin.

27.

On February 7, 2019 the GBI issued its autopsy report, which concluded that Goodwin died as a result of the severe, blunt force injuries to his head and torso.

28.

On July 19, 2019, OSHA issued its Citation and Notification of Penalty to Defendant Ferguson.

29.

Owners Policy number 142318-80722357-18 was issued by Plaintiff on December 22, 2017 to Defendant Ferguson as the named insured with effective dates from February 2, 2018 through February 2, 2019.

30.

A true and correct copy of Owners Policy Number 142318-80722357-18 (hereinafter "Policy") is attached hereto as Exhibit "C".

31.

The Policy provided commercial general liability coverage for bodily injury and property damage with limits of $1 million per occurrence and $3 million general aggregate (other than products completed operations), subject to the terms, conditions and exclusion contained in the Policy.  The Policy also provided products completed operations aggregate coverage of $3 million.  It identified the insured location as 123 Morgan Valley Road, Rockmart, Georgia 30153-1609.

32.

At Section I-Coverages, the Policy states:

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

     a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result.

. . .

     c.     "Bodily injury" or "or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II-Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)     Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)     Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)     Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

Form 55300 (7-05), pp. 1-2.

33.

The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

34.

The Policy defines "employee" to include "a 'leased worker.'  'Employee' does not include a 'temporary worker'."  The Policy defines "leased worker" as follows:

"Leased worker" means a person leased by you but leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

35.

The Policy also contains an exclusion, which precludes coverage for:

**a.     Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This

exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

36.

The Policy contains a contractual liability exclusion, which bars coverage for:

**b.      Contractual Liability**

"Bodily injury'' or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1)      Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  However, if the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under an "insured contract".

(2)      That the insured would have in the absence of the contract or agreement.

37.

In addition, the Policy excludes coverage for:

**d.   Workers' Compensation and Similar Laws**

Any obligation of the insured under a workers compensation, disability benefits for unemployment compensation law or any similar law.

Form 55300(7-05), p. 2.

38.

The Policy contains an Employer's Liability Exclusion endorsement, which

states as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**1.  SECTION I -  COVERAGES** is amended as follows.

Under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. EXCLUSIONS**, exclusion **e. Employer's Liability** is deleted and replaced by the following exclusion.

**e. Employer's Liability**

"Bodily injury" to:

(1)    An "employee" of any insured arising out of and in the course of employment by any insured; or

(2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)    Whether any insured may be liable as an employer or in any other capacity; and

(2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by any insured under an "insured contract".

Form 55513(11-11), p. 1.

39.

The Employer's Liability Exclusion endorsement also revises Section II –

Who is An Insured, and states as follows:

**2.     SECTION II- WHO IS AN INSURED** is amended as follows.

Paragraph 1 is deleted and replaced by the following.

1.     If you are designated in the Declarations as:
…

    d.     An organization other than a partnership, joint venture or
limited liability company, you are an insured.  Your
"executive officers" and directors are insureds, but only
with respect to their duties as your officers or directors.
Your stockholders are also insureds, but only with
respect to their liability as stockholders.

…

However, with respect to paragraphs 1. a. through 1. e. above,
no person is an insured for "bodily injury", "personal injury" or
"advertising injury":

…

    b.     To an "employee" of any insured while in the course of
his or her employment or performing duties related to the
conduct of any insured's business.

    c.     To any insured's "volunteer workers" while performing
duties related to the conduct of any insured's business;

…

    e.     For which there is any obligation to share damages with
or repay someone else who must pay damages because of
the injury described in Paragraphs a., b. and c.
immediately above.

…

All other policy terms and conditions apply.

Form 55513(11-11), pgs. 1-2.

40.

On August 15, 2020, Defendant Ferguson was served with Defendant Meier's Complaint.

41.

On or about June 3, 2020, June 9, 2020 and November 18, 2020 Plaintiff Owners sent reservation of rights letters to Defendant Ferguson.

42.

On or about December 22, 2020, Plaintiff Owners sent a reservation of rights letter to Defendant Day.

43.

Under a complete reservation of rights, Owners is currently providing Defendants Ferguson and Day with a defense to the underlying lawsuit.  In providing that defense, Owners has reserved its rights either to withdraw its defense and/or disclaim coverage and indemnification for all or part of any judgment or settlement that may be obtained against either Defendant Ferguson or Defendant Day in the underlying lawsuit.

## First Claim for Relief

### 44.

Owners reiterates paragraphs 1 through 43 as if fully set forth herein.

### 45.

The Policy of insurance issued by Owners identifies Ferguson Construction, Inc. as the named insured.

### 46.

The Policy defines an "insured" as follows:

### C. WHO IS AN INSURED

1.    If you are designated in the Declarations as:

    a.    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    b.    A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

    c.    A limited liability company, you are insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are

also insureds, but only with respect to their
liability as stockholders.

. . .

**2.**     Each of the following is also an insured:

    **a.**     Your employees, other than either your executive
officers (if you are an organization other than a
partnership, joint venture or limited liability
company) or your managers (if you are a limited
liability company), but only for acts within the
scope of their employment by you or while
performing duties related to the conduct of your
business.

 . . .

No person or organization is an insured with respect to the
conduct of any current or past partnership, joint venture or
limited liability company that is not shown as a Named Insured
in the Declarations.

47.

To the extent that Defendant Day does not qualify as an "insured" under the

Policy, no coverage is owed under the Policy to defend or indemnify Day for the

claims of Meier.

48.

A controversy of a justiciable nature presently exists between the parties,

which demands a declaration by the Court, so that Owners may have its rights and

duties under the applicable contract of insurance determined and avoid the possible

accrual of damages.

49.

Accordingly, Owners seeks a declaration from this Court that no indemnification or duty to defend is owed to Defendant Day for any liability or damages to the extent that Defendant Day does not qualify as "insured" under the policy.

## SECOND CLAIM OF RELIEF

50.

Owners reiterates paragraphs 1 through 49 as if fully set forth herein.

51.

The insurance contract issued by Owners does not provide coverage for the Underlying Lawsuit against Defendant Ferguson or Day, and, therefore, Owners has no duty to defend or indemnify said Defendants for the claims asserted against them in that lawsuit.

52.

Specifically, Policy No. 14468-8097440-16 contains an endorsement with an exclusion for employer's liability, which provides as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**1.  SECTION I -  COVERAGES** is amended as follows.

Under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. EXCLUSIONS**, exclusion **e. Employer's Liability** is deleted and replaced by the following exclusion.

**e. Employer's Liability**

"Bodily injury" to:

(1)   An "employee" of any insured arising out of and in the course of employment by any insured; or

(2)   The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)   Whether any insured may be liable as an employer or in any other capacity; and

(2)   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by any insured under an "insured contract".

Form 55300(7-05), page 2.

53.

To the extent that Goodwin was an "employee" of any insured, the employer's liability exclusion may apply to preclude coverage.

54.

To the extent the damages at issue in the Underlying Lawsuit arise out of the alleged employers liability of Defendant Ferguson, the liability exclusion contained in the Policy applies.

55.

A controversy of justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

56.

Accordingly, Owners seeks a declaration that no indemnification or duty to defend is owed by Owners to either Defendant Ferguson or Defendant Day for any liability that may come within the employer's liability exclusion endorsement, as set forth in the Policy.

## THIRD CLAIM FOR RELIEF

57.

Owners reiterates paragraphs 1 through 56 as if fully set forth herein.

58.

The insurance contract issued by Owners does not provide coverage for the Underlying Lawsuit against Defendants Ferguson or Day, and, therefore, Owners has no duty to defend or indemnify said Defendants for the claims asserted against them in that lawsuit.

59.

Specifically, Policy No. 14468-8097440-16 contains an exclusion for

workers compensation and similar laws, which provides as follows:

> **d.  Workers' Compensation and Similar Laws**
>
> Any obligation of the insured under a workers
> compensation, disability benefits for unemployment
> compensation law or any similar law.

Form 55300(7-05), page 2.

60.

To the extent the damages at issue in the Underlying Lawsuit arise out of

any obligation of the insured as set forth in the workers compensation and similar

laws exclusion, no coverage may exist.

61.

A controversy of justiciable nature presently exists among the parties, which

demands a declaration by this Court, in order that Owners may have its rights and

duties under the applicable contract of insurance determined and avoid the possible

accrual of damages.

62.

Accordingly, Owners seeks a declaration that no indemnification or duty to

defend is owed by Owners to either Defendant Ferguson or Defendant Day for any

liability that may come within the workers compensation exclusion, as set forth in the Policy.

## **FOURTH CLAIM FOR RELIEF**

63.

Owners reiterates paragraphs 1 through 62 as if fully set forth herein.

64.

The insurance contract issued by Owners does not provide coverage for the Underlying Lawsuit against Defendant Ferguson or Day, and, therefore, Owners has no duty to defend or indemnify said Defendants for the claims asserted against them in that lawsuit.

65.

Specifically, Policy No. 14468-8097440-16 contains an exclusion for expected or intended injury, which provides as follows:

**a.    Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Form 55300(7-05), page 2.

66.

To the extent the damages at issue in the Underlying Lawsuit arise out of expected or intended injuries, the expected or intended injury exclusion contained in the Policy applies.

67.

A controversy of justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

68.

Accordingly, Owners seeks a declaration that no indemnification or duty to defend is owed by Owners to either Defendant Ferguson or Defendant Day for any liability that may come within the expected or intended injury exclusion, as set forth in the Policy.

**FIFTH CLAIM FOR RELIEF**

69.

Owners reiterates paragraphs 1 through 68 as if fully set forth herein.

70.

The insurance contract issued by Owners does not provide coverage for the Underlying Lawsuit against Defendant Ferguson or Day, and, therefore, Owners

has no duty to defend or indemnify said Defendants for the claims asserted against them in that lawsuit.

71.

Specifically, Policy No. 14468-8097440-16 contains an exclusion for contractual liability, which provides as follows:

**2.** **Exclusions**

This insurance does not apply to:

…

**b.** **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1)    Assumed in a contract or agreement that is an "insured contract"[1], provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  However, if the insurance under this policy does not apply to the liability of the insured, it also does not apply to

---

[1] Again, the policy defined "insured contract" to mean, among other things:

f.    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. …

such liability assumed by the insured under an "insured contract".

(2)  That the insured would have in the absence of the contract or agreement.

Form 55300(7-05), page 2.

72.

To the extent the damages at issue in the Underlying Lawsuit arise out of the alleged contractual liability of either Defendant Ferguson or Defendant Day, the contractual liability exclusion contained in the policy applies.

73.

A controversy of justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

74.

Accordingly, Owners seeks a declaration that no indemnification or duty to defend is owed by Owners to either Defendant Ferguson or Defendant Day for any liability that may come within the contractual liability exclusion, as set forth in the Policy.

75.

Wherefore, Owners prays that this Court enter judgment declaring:

a.     That, under the First Claim For Relief, Owners has no duty to defend or indemnify Defendant Day to the extent he does not qualify as an "insured" under the policy;

b.     That, under the Second Claim for Relief, Owners has no duty to defend or indemnify Defendants Ferguson and/or Day to the extent that coverage is barred by the employer's liability exclusion;

c.     That, under the Third Claim for Relief, Owners has no duty to defend or indemnify Defendants Ferguson and/or Day to the extent that coverage is barred by the workers compensation exclusion;

d.     That, under the Fourth Claim for Relief, Owners has no duty to defend or indemnify Defendants Ferguson and/or Day to the extent that coverage is barred by the expected or intended injury exclusion;

e.     That, under the Fifth Claim for Relief, Owners has no duty to defend or indemnify Defendants Ferguson and/or Day to the extent that coverage is barred by the contractual liability exclusion;

f.     That this Court grant Owners any and all further relief as it deems just and proper; and

g.     That Owners be awarded its costs in this action.

This 10th of March, 2021.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Mark T. Dietrichs*
Mark T. Dietrichs
Georgia Bar No. 221722


/s/ Melissa K. Kahren
Melissa K. Kahren
Georgia Bar No. 527406

4842-2559-4079, v. 2