# EXHIBIT A

⸭ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PAULDING COUNTY, GEORGIA
**20-CV-002815**
P1
NOV 12, 2020 09:46 AM

Sheila Butler, Clerk
Paulding County, Georgia

**IN THE SUPERIOR COURT OF PAULDING COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| **NATOSHA MEIER, INDIVIDUALLY AS NEXT-OF-KIN TO TIMOTHY ELDON GOODWIN, DECEASED, AND AS THE EXECUTRIX OF THE ESTATE OF TIMOTHY ELDON GOODWIN, DECEASED,**<br><br>Plaintiff,<br><br>v.<br><br>**NBEB INVESTMENTS, LLC; AB CONSTRUCTION & DEVELOPMENT LLC; FERGUSON CONSTRUCTION COMPANY, INC.; MARSHAL DAY; ABC CORPORATION; XYZ CORPORATION; JOHN DOE; and JANE DOE,**<br><br>Defendants. | **CIVIL ACTION FILE NO.** <br><br>_____ |

## COMPLAINT FOR DAMAGES

COMES NOW, Natosha Meier, individually as next-of-kin to Timothy Eldon Goodwin, deceased, and as the Executrix of the Estate of Timothy Eldon Goodwin, deceased, (hereinafter "Plaintiff") in the above-styled action, by and through undersigned counsel, and files this Complaint for Damages, showing the following:

### PARTIES, JURISDICTION AND VENUE

1.

Defendant NBEB Investments, LLC (hereinafter "NBEB") is a domestic limited liability company organized and existing under the laws of the State of Georgia. NBEB is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 and may be served with process by delivering a summons and copy of the complaint upon its registered agent, Niels Bressner, 13941

Veterans Memorial Highway, Winston, Douglas County, Georgia 30187. Venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

2.

Defendant AB Construction & Development, LLC (hereinafter "AB") is a domestic limited liability company organized and existing under the laws of the State of Georgia. AB is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 and may be served with process by delivering a summons and copy of the complaint upon its registered agent, Anthony Alan Bell, 128 Lovvorn Road, Carrollton, Carroll County, Georgia 30117. Venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

3.

Defendant Ferguson Construction, Inc. (hereinafter "Ferguson") is a domestic for-profit corporation organized and existing under the laws of the State of Georgia. Ferguson is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 and may be served with process by delivering a summons and copy of the complaint upon its registered agent, Jerry Wayne Ferguson, 205 Samanda Circle, Rockmart, Polk County, Georgia 30153. Venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

4.

Defendant Marshal Day (hereinafter "Day") resides at 438 Trace Road, Dallas, Paulding County, Georgia 30157 and may be served with a copy of the Summons and Complaint at his address, and when so served, shall be subject to the jurisdiction and venue of this Court.

5.

Defendant ABC Corporation is a corporation, partnership, or other entity whose correct identity is unknown and that is subject to the jurisdiction and venue of this Court as owner of the subject property and/or a joint tortfeasor as provided by law.

6.

Defendant XYZ Corporation is a corporation, partnership, or other entity whose correct identity is unknown and that is subject to the jurisdiction and venue of this Court as owner of the subject property and/or a joint tortfeasor as provided by law.

7.

Defendant John Doe is an individual who acted as an agent or on behalf of one or more of the named Defendants herein whose correct identity is unknown and who is subject to the jurisdiction and venue of this Court as a joint tortfeasor as provided by law.

8.

Defendant Jane Doe is an individual who acted as an agent or on behalf of one or more of the named Defendants herein whose correct identity is unknown and who is subject to the jurisdiction and venue of this Court as a joint tortfeasor as provided by law.

9.

NBEB, AB, Ferguson, Day, ABC Corporation, XYZ Corporation, John Doe, and John Doe (hereafter collectively referred to as "Defendants") are joint tortfeasors, jointly and severally liable to Plaintiff for all injuries and damages herein which injuries and damages were proximately caused by Defendants' negligence.

## FACTS

10.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

11.

At all times relevant hereto, Defendant NBEB was the owner of the premises commonly known as Alum-A-Lift, Inc., located at 13941 Veterans Memorial Highway, Winston, Douglas County, Georgia 30187 (hereinafter the "Alum-A-Lift").

12.

At all times relevant hereto, Defendant NBEB and Defendant AB were in a contractual relationship. Under the contract, Defendant AB was to serve as the general contractor for the Alum-A-Lift expansion project.

13.

At all times relevant hereto, Defendant AB hired Defendant Ferguson as a subcontractor to perform certain work on the Alum-A-Lift expansion project.

14.

At all times relevant hereto, Defendant Ferguson contracted Timothy Eldon Goodwin, deceased, (hereinafter "Goodwin") to perform certain work on the Alum-A-Lift expansion project.

15.

On or about January 21, 2019, Defendant Day, an employee and/or agent of Defendant Ferguson, was operating an excavator unloading concrete headwalls and piping from a flatbed tractor trailer at the Alum-A-Lift expansion project.

16.

Goodwin was standing on the bed of the flatbed tractor trailer assisting Defendant Day in the unloading process.

17.

As Goodwin and Defendant Day prepared to unload a headwall, Defendant Day leaned out of the cab of the excavator, causing his jacket catch the joystick, which engaged the excavator into unguided motion.

18.

As the headwall lifted, the slack in the unmaintained chains caused several of the unmaintained hook latches to separate from the headwall and the headwall to become dislodged.

19.

The headwall swung toward Goodwin striking him in the face and knocking him to the ground.

20.

While still moving in an unguided motion, the headwall landed atop Goodwin as it contacted the ground.

21.

Defendants owed duties of due and reasonable care to Goodwin.

22.

Defendants' negligence, which constitutes the direct and proximate cause of Goodwin's serious bodily injury and death, also consisted of, but was not limited to, the following:

(a)  Failing to provide safety and health training in violation of 29 CFR 1926.21(b)(2);

(b) Failing to keep identification markings and chain hoists in a properly maintained in a serviceable condition in violation of 29 CFR 1926.251(a)(2)(i);

(c) Failing to keep alloy steel chain slings in a properly maintained in a serviceable condition in violation of 29 CFR 1926.251(b)(6)(ii);

(d) Failing to replace hook latches when they became damaged or missing as provided by ASME B30.10-2014;

(e) Failing to establish effective methods of communication between Defendant Day and Goodwin;

(f) Failing to engage the safety lever while Goodwin was working in the danger area;

(g) Failing to ensure loads are securely slung and properly balanced before being set in motion;

(h) Failing to control a load's movement with slow motions;

(i) Failing to avoid impact loading caused by sudden jerking during lifting and lowering;

(j) Failing to take damaged equipment out of service for repaired or destruction;

(k) Failing to have the suitability of equipment verified by a qualified person prior to use; and

(l) Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

23.

At all relevant times, Goodwin was exercising reasonable and ordinary care for his own safety and did not in any way cause or contribute to the circumstances which caused him to sustain serious bodily injury and death.

24.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to recover damages for the pre-death mental and physical pain and suffering of Goodwin, funeral expenses, and medical expenses.

25.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to recover damages for the full value of the life of Goodwin.

26.

At all times material hereto, Goodwin was a man, fifty-five (55) years of age, with a normal life expectancy of 26.5 years according to the National Vital Statistics Reports.

## COUNT I

## NEGLIGENCE AGAINST ALL DEFENDANTS

27.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

28.

Defendants owed duties of due and reasonable care to Goodwin.

29.

Defendants breached their duties of due and reasonable care to Goodwin.

30.

As a direct and proximate result of Defendants' negligence, Goodwin sustained serious bodily injury and death as stated herein.

31.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to recover damages for the pre-death mental and physical pain and suffering of Goodwin, funeral expenses, and medical expenses.

32.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to recover damages for the full value of the life of Goodwin.

33.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to damages as prayed for herein.

## COUNT II

## NEGLIGENCE AGAINST DEFENDANT AB

34.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

35.

Defendant AB, as the general contractor, had a duty to provide safety and health training to every individual performing work on the Alum-A-Lift expansion project, as well as a duty to ensure that all equipment was properly maintained in a serviceable condition.

36.

Defendant AB breached its duty to Goodwin, and was negligent, by failing to provide safety and health training to the individuals working on the Alum-A-Lift expansion project.

37.

Defendant AB breached its duty to Goodwin, and was negligent, by refusing to ensure that all equipment was properly maintained in a serviceable condition.

38.

As a direct and proximate result of Defendant AB's negligence, Goodwin sustained serious bodily injury and death as stated herein.

39.

As a direct and proximate result of Defendant AB's negligence, Plaintiff is entitled to recover damages for the pre-death mental and physical pain and suffering of Goodwin, funeral expenses, and medical expenses.

40.

As a direct and proximate result of Defendant AB's negligence, Plaintiff is entitled to recover damages for the full value of the life of Goodwin.

41.

As a direct and proximate result of Defendant AB's negligence, Plaintiff is entitled to damages as prayed for herein.

## COUNT III

### NEGLIGENCE AGAINST DEFENDANT FERGUSON

42.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

43.

Defendant Ferguson, as the subcontractor, had a duty to provide safety and health training to every individual performing work on the Alum-A-Lift expansion project, as well as a duty to ensure that all equipment was properly maintained in a serviceable condition.

44.

Defendant Ferguson breached its duty to Goodwin, and was negligent, by failing to provide safety and health training to the individuals working on the Alum-A-Lift expansion project.

45.

Defendant Ferguson breached its duty to Goodwin, and was negligent, by refusing to ensure that all equipment was properly maintained in a serviceable condition.

46.

As a direct and proximate result of Defendant Ferguson's negligence, Goodwin sustained serious bodily injury and death as stated herein.

47.

As a direct and proximate result of Defendant Ferguson's negligence, Plaintiff is entitled to recover damages for the pre-death mental and physical pain and suffering of Goodwin, funeral expenses, and medical expenses.

48.

As a direct and proximate result of Defendant Ferguson's negligence, Plaintiff is entitled to recover damages for the full value of the life of Goodwin.

49.

As a direct and proximate result of Defendant Ferguson's negligence, Plaintiff is entitled to damages as prayed for herein.

## COUNT IV

### NEGLIGENCE PER SE AGAINST DEFENDANT FERGUSON

50.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

51.

Defendant Ferguson's violations of law as stated herein constitute negligence per se.

52.

As a direct and proximate result of Defendant Ferguson's negligence per se, Goodwin sustained serious bodily injury and death as stated herein.

53.

As a direct and proximate result of Defendant Ferguson's negligence per se, Plaintiff is entitled to recover damages for the pre-death mental and physical pain and suffering of Goodwin, funeral expenses, and medical expenses.

54.

As a direct and proximate result of Defendant Ferguson's negligence per se, Plaintiff is entitled to recover damages for the full value of the life of Goodwin.

55.

As a direct and proximate result of Defendant Ferguson's negligence per se, Plaintiff is entitled to damages as prayed for herein.

## COUNT V

## NEGLIGENCE AGAINST DEFENDANT DAY

56.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

57.

On or about January 21, 2019, Defendant Day negligently operated an excavator while unloading concrete headwalls and piping from a flatbed tractor trailer at the Alum-A-Lift expansion project as stated herein.

58.

As a direct and proximate result of Defendant Day's negligence, Goodwin sustained serious bodily injury and death as stated herein.

59.

As a direct and proximate result of Defendant Day's negligence, Plaintiff is entitled to recover damages for the pre-death mental and physical pain and suffering of Goodwin, funeral expenses, and medical expenses.

60.

As a direct and proximate result of Defendant Day's negligence, Plaintiff is entitled to recover damages for the full value of the life of Goodwin.

61.

As a direct and proximate result of Defendant Day's negligence, Plaintiff is entitled to damages as prayed for herein.

## COUNT VI

### RESPONDEAT SUPERIOR AGAINST DEFENDANT FERGUSON

62.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

63.

On or about January 21, 2019, Defendant Day negligently operated an excavator while unloading concrete headwalls and piping from a flatbed tractor trailer at the Alum-A-Lift expansion project as stated herein.

64.

At all times relevant hereto, Defendant Day was an employee of Defendant Ferguson and was acting in the course and scope of his employment.

65.

As a direct and proximate result of the negligence of Defendant Ferguson's employee and/or agent, Defendant Day, Goodwin sustained serious bodily injury and death as stated herein.

66.

As a direct and proximate result of the negligence of Defendant Ferguson's employee and/or agent, Plaintiff is entitled to recover damages for the pre-death mental and physical pain and suffering of Goodwin, funeral expenses, and medical expenses.

67.

As a direct and proximate result of the negligence of Defendant Ferguson's employee and/or agent, Plaintiff is entitled to recover damages for the full value of the life of Goodwin.

68.

Defendant Ferguson is liable for the negligent acts or omissions of Defendant Day pursuant to agency principles and the doctrine of respondeat superior.

## VII

## DAMAGES

69.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

70.

Natosha Meier, is the Executrix of the Estate of Timothy Eldon Goodwin, deceased, and is the proper party to bring the claims for Timothy Eldon Goodwin's pre-death mental and physical pain and suffering, funeral expenses, and medical expenses.

71.

Defendants are liable to Plaintiff for the pre-death mental and physical pain and suffering of Timothy Eldon Goodwin, funeral expenses, and medical expenses.

72.

Natosha Meier, is the next-of-kin to Timothy Eldon Goodwin, deceased, and is the proper party to bring a claim for the wrongful death of Timothy Eldon Goodwin.

73.

Defendants are liable to Plaintiff for the full value of the life of Timothy Eldon Goodwin.

## COUNT VIII

## BAD FAITH AGAINST ALL DEFENDANTS

74.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

75.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense in requiring the filing of the instant lawsuit. Pursuant to O.C.G.A. §§ 13-6-11 and 51-12-7, Plaintiff hereby respectfully requests and specifically pleads for recovery of expenses of litigation, interest, penalties, and attorneys' fees as a result of the Defendants' stubborn litigiousness and bad faith conduct.

## COUNT IX

## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

76.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

77.

The conduct of Defendants shows willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which raises the presumption of a consciousness indifference to the consequences thereof.

78.

Pursuant to O.C.G.A. § 51-12-5.1, Plaintiff is entitled to punitive damages in an amount to be determined by the enlightened conscious of an impartial jury to punish and deter Defendants from repeating or continuing such unlawful conduct.

## COUNT X

## JURY TRIAL DEMANDED

79.

Plaintiff hereby reasserts and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

80.

Plaintiff demands a trial by jury pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123.

WHEREFORE, Plaintiff pray as follows:

(a)   That Defendants be served with process;

(b)   That Plaintiff have a trial by jury pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123;

(c)   That Plaintiff recover damages for the pre-death mental and physical pain and suffering of Timothy Eldon Goodwin, funeral expenses, and medical expenses in an amount to be determined by the enlightened conscience of a jury;

(d)   That Plaintiff recover damages for the full value of the life of Timothy Eldon Goodwin in an amount to be determined by the enlightened conscience of a jury;

(e)   That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

(f) That Plaintiff recover attorneys' fees, expenses, and costs of litigation incurred as a result of the filing of this lawsuit pursuant to O.C.G.A. § 13-6-11; and

(g) That Plaintiff recover such other and further relief as the Court deems just and proper.

This _12_ day of November, 2020.

                                                Respectfully submitted,

                                                SHERROD & BERNARD, P.C.

**KENNETH R. BERNARD, JR.**
Georgia Bar No.: 054844
**STEPHANIE R. THOMPSON**
Georgia Bar No.: 819990
Attorney for Plaintiff
8470 Price Avenue (30134)
P.O. Box 1154
Douglasville, GA  30133-1154
T:  (770) 920-8350
F:  (770) 920-8970
kbernard@sherrodandbernard.com
sthompson@sherrodandbernard.com

## VERIFICATION

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, **NATOSHA MEIER, AS EXECUTRIX OF THE ESTATE OF TIMOTHY ELDON GOODWIN**, Plaintiff herein, who after being duly sworn, states and deposes that the facts contained in the within and foregoing _Complaint for Damages_

Is/are true and correct to the best of the Plaintiff's knowledge, information and belief.

_Natosha Meier_
**NATOSHA MEIER, AS EXECUTRIX OF THE ESTATE OF TIMOTHY ELDON GOODWIN**

Sworn to and Subscribed before me this 12 day of November, 2020.

_Rebecca Keierleber_
**NOTARY PUBLIC**